IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS DEL GROSSO<br>1139 Roosevelt Drive<br>Upper Darby, Pa. 19082 | CIVIL ACTION<br><br>NO. 09-1000 |
| vs. | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA<br>Law Department<br>1515 Arch Street, 15th floor<br>Philadelphia, Pa. 19102 | |
| and | |
| DET. LEONARD WILLIAMS, #9209<br>(55TH and Pine Streets - SW District)<br>in his individual and official capacities<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 15th floor<br>Philadelphia, Pa. 19102 | FILED<br>APR 0 7 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |
| and | |
| DET. PARKER, #9176<br>(55TH and Pine Streets - SW District)<br>in his individual and official capacities<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 15th floor<br>Philadelphia, Pa. 19102 | |
| and | |
| DET. JOHN DOE, an unknown Detective<br>at the 55th and Pine - SW District<br>in his individual and official capacities<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 15th floor<br>Philadelphia, Pa. 19102 | |

**FIRST AMENDED COMPLAINT**

1.

## Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(1), (3), (4), and the aforementioned statutory provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under State law.

## Parties

2. Plaintiff is a resident of the State of Pennsylvania, residing at 1139 Roosevelt Drive, Upper Darby, Pennsylvania 19082.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the other named Detective defendants.

4. Defendant, Leonard Williams, Badge No. 9209, is and was at all times relevant to this action a Detective in the Philadelphia Police Department and acting under color of State law. Upon information and belief, he is a Detective with the Southwest Detective Division, Philadelphia, Pennsylvania. He is being sued in both his individual and official capacities.

5. Defendant, Detective Parker, Badge No. 9176, is and was at all times relevant to this action a Detective in the Philadelphia Police Department and acting under color of State law. Upon information and belief, he is a Detective with the Southwest Detective Division, Philadelphia, Pennsylvania. He is being sued in both his individual and official capacities.

6. Defendant, John Doe, is an unknown Detective with the Southwest Detective Division of the Philadelphia Police Department, acting under color of State law. He is being sued in both his individual and official capacities.

## FIRST CAUSE OF ACTION

7. On or about April 14, 2008, plaintiff was a passenger in an automobile operated by Yesim Gorgulugil and owned by her mother, Tulay Gorgulugil, which automobile had been damaged by a passing motorist.

8. That on this same date of April 14, 2008, at approximately 11:00 a.m., the driver of the automobile, Yesim Gorgulugil, went to the 55th and Pine Streets Police Station to report the incident, proceeding inside the Police Station for the purpose of making a report.

9. That approximately 10 to 15 minutes after Yesim Gorgulugil entered the 55th and Pine Streets Police Station, the three defendant Detectives came to the Gorgulugil automobile and ordered plaintiff from the automobile in a physical and abusive manner, pulling him from the automobile and throwing him about, taking plaintiff into the 55th and Pine Streets Police Station where they proceeded to place plaintiff in a holding cell.

10. That plaintiff remained in a holding cell for approximately 12 hours, without having committed any criminal offense, and upon release was never charged with any crime for which he was physically assaulted and falsely arrested and incarcerated.

11. Without cause or justification, the defendant Detectives used excessive force, falsely arrested and falsely incarcerated plaintiff, even though plaintiff had committed no crime or offense.

12. Upon information and belief, plaintiff alleges that the 3 defendant Detectives failed to prepare the appropriate paperwork required by police rules and regulations consistent with an arrest and incarceration of a citizen such as plaintiff.

3.

13. Plaintiff was placed under arrest and incarcerated by one or more of the 3 named defendants and placed in a holding cell for approximately 12 hours, without being charged with any crime.

14. At no time did plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest and incarceration may be lawfully made. At no time did plaintiff do anything to justify the illegal actions of the police.

15. On the aforementioned date of April 14, 2008, plaintiff was wrongfully imprisoned because plaintiff had committed no crime to justify the arrest and defendants' actions on this date were intentional, malicious, reckless and in bad faith.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

17. As a direct and proximate result of defendants' actions, plaintiff was arrested and detained without just or probable cause.

18. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the 4th and 14th Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

19. Defendant, City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant Detectives in this case to engage in the unlawful conduct described above.

20. Defendant, City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers and detectives, including the 3 defendants in this case, for violations of the Constitutional rights of citizens, thereby causing the defendant Detectives in this case to engage in the unlawful conduct described above.

21. Defendant, City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline its police officers and detectives, including defendants in this case, for violations of the Constitutional rights of citizens, thereby causing the police, including defendants in this case to engage in unlawful conduct.

22. Defendant, City of Philadelphia, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the Constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

23. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in his person and property, to be free from the excessive use of force, to be free from malicious prosecution, and to due process.

24. By these actions, defendants have deprived plaintiff of rights secured by the 4th, 5th and 14th Amendments to the United States Constitutions, in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

25. Plaintiff incorporates by reference paragraphs 1 through 24 hereof as though fully set forth herein at length.

26. The acts and conduct of defendants alleged in the above stated cause of action constitute assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence, and negligent hiring, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has pendent jurisdiction to hear and adjudicate said claims.

WHEREFORE, plaintiff requests the following relief:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.

_____
MARGARET BOYCE FUREY
400 Four Tower Bridge
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
(610) 397-0125
Attorney for plaintiff

APR-07-2009 03:24 PM    SH COMMUNICATIONS, INC.        6104091191            P.02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS DEL GROSSO | : | CIVIL ACTION |
| v. | : | NO. 09-1000 |
| CITY OF PHILADELPHIA, et al | : | |

**FILED**

APR 07 2009

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## CERTIFICATE OF SERVICE

MARLENE K. SALL, Secretary to Margaret Boyce Furey, Esquire, attorney for plaintiff, certifies that on April 6, 2009, she mailed a copy of the First Amended Complaint to counsel for the defendants, by first class mail, postage prepaid, addressed as follows:

Margaret Finerty, Esq.
City of Philadelphia, Law Department
1515 Arch Street, 14th floor
Philadelphia, Pa. 19102

_____
Marlene K. Sall