IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS DEL GROSSO : CIVIL ACTION
:
v. :
:
CITY OF PHILADELPHIA, et al : NO. 09-1000

# MEMORANDUM AND ORDER

AND NOW, this 19th day of August, 2010, having considered: (1) Plaintiff's Motion to Preclude Defendants from Introducing Exhibits into Evidence at Trial (Docket No. 38); (2) Plaintiff's Motion to Preclude Evidence of Plaintiff's Criminal Record (Docket No. 40) and Defendants' Response thereto (Docket No. 46); (3) Plaintiff's Motion to Preclude Portions of Nicole O'Donnell's testimony (Docket No. 42); (4) Plaintiff's Motion to Preclude Evidence of Drug Buying and Usage by Yesim Gorgulugil, Nicole O'Donnell and Plaintiff (Docket No. 39) and Defendants' Response thereto (Docket No. 48); (5) Plaintiff's Motion to Preclude Evidence that Plaintiff was Intoxicated at the time (Docket No. 41) and Defendants' Response thereto (Docket No. 47); and (6) Defendants' Motion to Preclude Witness Testimony (Docket No. 43) and Plaintiff's Response thereto (Docket No. 44), it is hereby ORDERED that:

(1) Plaintiff's Motion to Preclude the Introduction of Defense Exhibits is **DENIED**;

(2) Plaintiff's Motion to Preclude Evidence of Plaintiff's Criminal Record is **GRANTED** in part and **DENIED** in part;

(3) Plaintiff's Motion to Preclude Portions of Nicole O'Donnell's Testimony is **GRANTED**;

(4) Plaintiff's Motion to Preclude Evidence of Drug Buying and Usage is **GRANTED**;

(5) Plaintiff's Motion to Preclude Evidence of Plaintiff's Intoxication is **GRANTED**; and

(6) Defendant's Motion to Preclude Witness Testimony is **DENIED**.

Regarding Plaintiff's criminal record, Plaintiff seeks to exclude all evidence of his criminal record. Pl. Mot. at 1-2 (Docket No. 40). Plaintiff argues first that this information is not relevant to Plaintiff's constitutional claims, and second that Defendants would seek to introduce this evidence improperly, solely for the purpose of showing conforming conduct. Id. at 2. Defendants respond that they can use Plaintiff's prior convictions to impeach his character for truthfulness under Fed. R. Evid. 609; that Plaintiff's record - notably that he was parole on the date of the incident at issue - is relevant to explain why he did not speak with police; and that proof of Plaintiff's prior incarceration is relevant to show that Plaintiff could not have been grievously harmed by being held for a maximum of nine hours. Def. Resp. at 3-4 (Docket No. 46).

"For the purpose of attacking the character for truthfulness of a witness, (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). Defendants may use Plaintiff's convictions for receipt of stolen property and theft by deception/false impression to impeach Plaintiff's character for truthfulness. See U.S. v. Wong, 703 F.2d 65 (3d Cir. 1983); U.S. v. Lloyd, 1995 WL 672516, at *2-3 (E.D. Pa. Nov. 9, 1995) (treating theft by deception as *crimen falsi*); Yudenko v. Guarini, 2009 WL 2152085, at *3 (E.D. Pa. July 16,

2

2009) (treating receiving stolen property as *crimen falsi*); but see U.S. v. Potter, 2009 WL 320605, at *3 n.3 (E.D. Pa. Feb. 6, 2009) (noting "[i]f theft is not *crimen falsi*, then arguably receiving stolen property is not *crimen falsi*."). Defendants may also use Plaintiff's conviction for burglary to impeach Plaintiff. Fed. R. Evid. 609(a)(1). As for Plaintiff's possession with intent to distribute, possession of drug paraphernalia, and simple assault convictions, Defendants seek to introduce these to impeach Plaintiff's character for truthfulness under 609(a)(1). See Def. Resp. As this impeachment of Plaintiff's character for truthfulness would be cumulative, the prejudice to Plaintiff outweighs the probative value of this impeachment evidence, and Defendants cannot use the assault and possession convictions to impeach Plaintiff's character for truthfulness. Fed. R. Evid. 403, 609(a)(1).

Defendants argue in the alternative that Plaintiff, by hoping to hide the fact of his probation from the officers, had a reason not to cooperate with their investigation and seeks to use these convictions to make this point. See Def. Resp. To the extent that Plaintiff was on probation associated with any of the aforementioned convictions and Defendants can prove the fact of this probation, Defendants may reference this evidence only if Plaintiff opens the door by denying that he was on probation at the time of the events at issue. In light of the above, Plaintiff's Motion *in limine* to preclude evidence of his criminal record is **GRANTED** in part and **DENIED** in part.

Plaintiff's Motions *in limine* to preclude evidence of Plaintiff's alleged appearance of intoxication (Docket No. 41), of drug usage or purchase by Plaintiff or other witnesses (Docket No. 39), and of portions of Nicole O'Donnell's deposition testimony (Docket No. 42) and Defendants' responses thereto contain largely duplicative arguments regarding the admissibility

3

of evidence related to Plaintiff's alleged drug use. In Plaintiff's Motion *in limine* to preclude evidence of Plaintiff's alleged appearance of intoxication (Docket No. 41), he argues that such evidence is not relevant to his Section 1983 claims for false arrest and excessive force, that the probative value of such information is outweighed by its prejudice, and that such evidence constitutes inadmissible character evidence. See generally Pl. Mot. Plaintiff further argues that Defendants should not be allowed to introduce evidence that Plaintiff was intoxicated as a basis for probable cause to arrest him, as Defendant Officers took none of the precautions required for incarcerating intoxicated individuals. Id.

Defendants respond that drug-related evidence is relevant to show that Defendant Officers had probable cause to detain Plaintiff; to show that Plaintiff had a diminished ability to perceive events (i.e. the evidence is relevant for impeachment purposes); and to counter any averments that Plaintiff was clearheaded at the time of the events at issue, that Plaintiff had no incentive to not cooperate with the Officers, or that Plaintiff had no idea his girlfriend would lie to the officers. See Def. Resps. (Docket Nos. 47 and 48). Although Defendants did not specifically respond to Plaintiff's Motion to preclude any testimony by Nicole O'Donnell, the arguments Plaintiff makes regarding the substance of her testimony are similar to arguments about Plaintiff's alleged drug use contained in the other two motions such that the Court will address all three motions here.

Defendants first argue that "[i]n evaluating whether the police had probable cause, the Court should focus only on the facts and circumstances known to the officer *at the time of the arrest*. The Court should consider whether 'the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a

4

prudent man in believing that [the plaintiff] had committed or was committing an offense." Def. Mot. (Docket No. 48) at 5. Defendants argue that evidence of Plaintiff's appearance of intoxication and actual drug use prior to the events at issue are relevant to determining whether Defendant Officers had probable cause to detain Plaintiff, an element of his false arrest claim. See Def. Mots. Where the facts known to the arrester at the time of the arrest establish probable cause regarding one offense, but the arrestee is taken into custody for an unrelated offense, the arrester still has probable cause. See Devenpeck v. Alford, 543 U.S. 146, 153 (2004). Although Defendants have stated that Defendant Williams approached Plaintiff after he became suspicious of Ms. Gorgulugil's story about how her car window was broken and observed that Plaintiff appeared under the influence while sitting in the back seat of the car, Def. Mot. (Docket No. 47) at 3, Defendants have not provided any argument as to what information, if any, Defendant Williams had with regard to a crime that Plaintiff allegedly had committed or was committing at the time Defendant Williams interacted with Plaintiff. Absent such clarification, the Court does not have the information required to effectively consider whether evidence and testimony regarding Plaintiff's alleged drug use is relevant to the issue of probable cause.

      Defendants next argue that evidence and testimony regarding Plaintiff's alleged drug use is relevant to impeach Plaintiff's testimony about the events at issue, as the alleged drug use would demonstrate he was not wholly capable of recalling events accurately. Def. Mot. at 5-7 (No. 47). Defendants rely on Foy v. Dicks, 1996 WL 221772, at *1 (E.D. Pa. Apr. 4, 1996) and Utz v. Johnson, 2004 WL 2850077, at *4 (E.D. Pa. Dec. 9, 2004) to support their argument that they should be able to cross-examine Plaintiff as to his ability to observe or recall the events at issue. Id. As Utz involves the application of the Pennsylvania Rules of Evidence in a diversity

case, the rules discussed in that case are not relevant here. Foy, 1996 WL 221772 at *1. In Foy, both parties were intoxicated such that the Court found neither party prejudiced in their position relative to the other party, as there was evidence of both parties' intoxication, and the evidence of intoxication was relevant as to the parties' ability to perceive and recollect the events at issue. Id. Similarly in Natalie v. Barnett, the Court stated that evidence of intoxication was "clearly relevant and highly probative" for impeachment purposes and "highly probative of [his] ability to accurately recall and testify to the events that took place during his arrest." 1998 WL 175890, at *2 (E.D. Pa. Apr. 2, 1998). In Natalie, Plaintiff testified that he drank a pint of vodka "a short time prior" to being stopped for driving under the influence, and sought to exclude evidence that his blood alcohol content was 0.40 percent, four times the legal limit of 0.10 percent. Id. Here, Defendants allege that Plaintiff stopped consuming heroin ten to eleven hours before he interacted with the police, but have identified no evidence of whether an individual would remain intoxicated ten to eleven hours after consuming heroin. Def. Mot. at 6 (No. 48). Defendants' sole evidence of Plaintiff's intoxication is Defendant Williams' observation that Plaintiff seemed under the influence while in the car. Id. at 8. In both Foy and Natalie, the intoxication at issue was amply supported by other evidence, whereas here Defendants have argued they should be able to impeach Plaintiff with evidence of hours-previous drug consumption and the opinion of the arresting officer. Without more tangible evidence of intoxication, the prejudice that would accrue to Plaintiff were evidence permitted of his heroin consumption and alleged intoxication outweighs the probative value of this evidence. Fed. R. Civ. P. 403.

Regarding Defendants' third argument that evidence of Plaintiff's alleged intoxication and drug buying and/or usage will be relevant to rebut anticipated statements by Plaintiff at trial,

6

the Court will address such statements as they occur.

For the reasons addressed in the preceding paragraphs, Plaintiff's motions to preclude introduction of evidence of Plaintiff's drug consumption and alleged intoxication at the time of the matters at issue is **GRANTED**, without prejudice to Defendants to renew their motion at trial, consistent with the discussion above.

BY THE COURT:

　/s/ **L. F. Restrepo**　　　　
L. Felipe Restrepo
United States Magistrate Judge